UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIOLA L. FOLKS,

    Plaintiff,

v.                                                          CASE No.  8:04-CV-1670-T-TGW[1]

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

O R D E R

The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[2]  Because the decision of the Commissioner of Social Security fails to evaluate the plaintiff's alleged problems with her wrists and hands, the decision will be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was fifty years old at the time of the administrative hearing and who has the equivalent of a high school education,

---

[1] It is appropriate to note in order to reduce confusion that the transcript erroneously lists the case number as 8:0**5**-cv-1670.

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 16).

has worked pertinently as a nurse's aide, prep cook, bus attendant and fruit packer (Tr. 79). She filed a claim for supplemental security income payments, alleging she became disabled due to degenerative disc disease, diabetes, arthritis in back, possible glaucoma, high blood pressure, hole in right ear drum, and hypolegsia below the left knee (Tr. 66). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff "has a severe combination of impairments, including degenerative disc disease, arthritis, and diabetes mellitus," and "also has presbyopia and depression" (Tr. 12). The law judge concluded that the plaintiff's impairments limited her to "light work activity with no repetitive bending, stooping, crawling, twisting or turning; no detailed complex jobs, simple repetitive jobs only with a sit/stand option" (Tr. 20). The law judge determined that these limitations prevented the plaintiff from performing past relevant work. However, based upon the testimony of a vocational expert, the law judge found that there were jobs in the national economy that the plaintiff could perform, such as cafeteria attendant, gate guard and copy machine operator (id.). Accordingly, the law judge decided that the plaintiff was not

disabled. The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff suffers from several impairments, as the law judge recognized. The plaintiff's challenge to the law judge's decision, however, focuses on just one impairment: an alleged limitation of the plaintiff's wrists and hands. The plaintiff argues, correctly, that the law judge failed to assess the evidence concerning that problem.

The plaintiff was diagnosed with bilateral carpel tunnel syndrome. She subsequently underwent a carpel tunnel release procedure on both wrists: the right wrist on May 28, 2002, and the left wrist on December 23, 2002. In his summary of the evidence, the law judge mentioned these surgeries. What he did not do, however, is set forth his evaluation of whether the plaintiff had functional limitations from this problem and, if so, what they were.

The plaintiff testified that, despite the surgeries, she "still ha[s] problems with [her] left hand a lot" (Tr. 319). She explained that her problems involve "[h]urting and stiffness and being able to pick up anything with it" (id.). The plaintiff also testified that she could probably lift no more than five pounds (Tr. 320). Moreover, after each surgical procedure, the treating surgeon stated that the plaintiff should not lift more than five to ten pounds (Tr. 213, 288).

Although the law judge noted the plaintiff's testimony that the plaintiff could lift only five pounds (Tr. 13), he obviously rejected it because he found that the plaintiff could perform light work, which requires the capacity to lift twenty pounds occasionally and ten pounds frequently (Tr. 17). There was no specific explanation for rejecting the plaintiff's testimony

regarding her lifting ability, and the law judge's general credibility determination does not bear strongly on that issue. See Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987) ("Where the claimant's testimony is critical, the fact finder must articulate specific reasons for questioning a claimant's credibility.").

Furthermore, the law judge did not discuss, or even mention, the treating surgeon's stated limitations on lifting of five to ten pounds. The Commissioner responds that "there was no indication from the doctor that these were intended to be permanent restrictions"(Doc. 18, p. 9). There are two problems with this response. In the first place, this is an inappropriate post hoc rationalization by litigating counsel, see Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Ins. Co., 463 U.S. 29, 50 (1985), and needed to be stated by the law judge for it to be considered as a basis for his decision.

Moreover, it is just as easy to speculate that there is no indication from the doctor that these were not intended to be permanent restrictions. This uncertainty indicates that this is a situation where the law judge should have recontacted the doctor to determine the duration of the lifting restrictions of five to ten pounds. See 20 C.F.R. 416.912(e)(1). In all events, the law

judge should have made some determination regarding the treating surgeon's lifting restrictions and should have explained that determination. See Hudson v. Heckler, 755 F.2d 781, 785-86 (11th Cir. 1985).

In addition, the plaintiff testified that her left hand gave her problems "a lot," and those problems included picking up things with that hand (Tr. 319). Thus, contrary to the Commissioner's assertion (Doc. 18, p. 7), the plaintiff did testify to trouble handling objects. The law judge, however, did not mention, much less evaluate, this testimony.

In sum, the plaintiff was status-post bilateral carpel tunnel release. With respect to this condition, the plaintiff testified that she could not lift more than five pounds, and that she had a problem picking up objects. Further, her treating surgeon stated at one point that the plaintiff should not pick up more than five to ten pounds. The law judge did not evaluate the plaintiff's hand and wrist condition or the evidence bearing on that condition. The failure to consider, and evaluate, that condition was error. The law judge was required "to state the weight accorded each item of impairment evidence and the reasons for his decisions on such evidence." Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1982).

Notably, the Commissioner does not argue that the law judge's failure to address properly the plaintiff's hand and wrist condition was harmless error. Consequently, that deficiency in the law judge's decision warrants a remand.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is REVERSED and the matter REMANDED for further consideration. The Clerk is directed to enter judgment accordingly and to close this case.

DONE and ORDERED at Tampa, Florida, this 27th day of April, 2006.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE